UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR15-179(A)-CAS | | Date | April 4, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Amanda Klopf |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Howard Quoc Trinh | X | | X | Harland Braun | X | | X |

Proceedings: GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE IMPROPER EXTORTION DEFENSE (Dkt. 44, filed January 11, 2016)

    Defendant Howard Quoc Trinh is charged in this case with two counts of bribery in violation of 18 U.S.C. § 201(b)(1). Dkt. 24, First Superseding Indictment. In brief, the Government alleges that defendant managed a factory for Seven-Bros. Enterprises ("Seven Bros."), a garment-sewing contractor based in La Puente, California. Mot., at 1. On March 10, 2015, the Department of Labor initiated a regulatory investigation of the Seven Bros. factory managed by defendant for alleged violations of federal wage and hour laws. Id. As a result of this investigation, the Department of Labor preliminarily determined that Seven Bros. owed approximately $100,000 for wage and hour violations. Id. In addition, the Department of Labor's investigation revealed that Seven Bros. had failed to pay employees overtime in the amount of approximately $32,000 between December 11, 2014 and March 10, 2015. Id. Accordingly, Christopher Van Rijsbergen ("Van Rijsbergen"), the lead investigator for the Department of Labor's investigation, issued a "hot goods" Notice to Restrain the Shipment of Goods which prevented Seven Bros. from shipping certain inventory until the back wage liability of $32,000 was paid to compensate its employees. Id.

    The indictment alleges that on March 18, 2015, defendant offered to pay Van Rijsbergen $10,000 to resolve the investigation and that, on March 19, 2015, defendant gave Van Rijsbergen an initial payment of $3,000. First Superseding Indictment. These alleged bribes form the basis of the charges against defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

The Government contends that throughout this litigation counsel for defendant has referred to the Department of Labor's investigation as a "mafia style extortion program."[1] The Government believes that these statements indicate that defendant intends to present either a necessity or duress defense at trial. The Government states that, as a matter of law, these are not valid defenses to bribery. Accordingly, on January 11, 2016, the Government filed the instant motion *in limine* to preclude defendant from introducing any evidence of duress or necessity, including economic coercion or extortion. Dkt. 44.

In his opposition, defendant concedes that a necessity defense is inapplicable to the instant case. And while defendant does not directly address the Government's arguments regarding a duress defense, he appears to generally agree with the Government that, even if the Department of Labor engaged in extortion, that would not be a defense to bribery. See also United States v. Lee, 846 F.2d 531, 534 n.1 (9th Cir. 1988) ("We note that a plain reading of 18 U.S.C. § 201(b)(1)(A) and surrounding subsections casts doubt on the [defendants'] economic coercion theory."); United States v. Colarcurcio, 659 F.2 684, 690 (5th Cir. 1981) ("[A]ppellants' insistence that extortion can be a defense to bribery is incorrect. Therefore, even if the appellants were subjected to extortion, they can still be convicted on the bribery charge.") (citations omitted).

Instead, defendant argues that evidence of the Department of Labor's purportedly coercive investigation practices is "the highly relevant background for [defendant's] *entrapment defense*." Opp'n., at 2 (emphasis added). "In order to establish entrapment a defendant must show that he was (1) induced to commit the crime by a Government agent and (2) not otherwise predisposed to commit the crime." United States v. Smith, 924 F.2d 889, 898 (9th Cir. 1991) (citing United States v. Goodacre, 793 F.2d 1124, 1125 (9th Cir. 1986)). Unlike duress and necessity, the Government does not contend that entrapment is not a defense to bribery. Rather, the Government argues that evidence of alleged "extortion" or other illegal practices by the Department of Labor is not relevant to establishing an entrapment defense and should, therefore, be excluded at trial.

However, while the Court has reservations regarding whether defendant will ultimately be able to present evidence to support an entrapment defense, at this juncture, the Court is not

---

[1] In his opposition, defendant again refers to the Department of Labor's investigation as a "mafia-style extortion program." Opp'n., at 1. Defendant elaborates that by using the phrase "mafia-style extortion program" he is contending that the Department of Labor threatened defendant "with the extralegal seizure of his goods, illegally confiscat[ed] his property, and threaten[ed] his customers [that] they would not receive their goods unless $31,000 was paid." Id., at 1-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

prepared to conclude that evidence of extortion by the Department of Labor is wholly irrelevant to defendant's entrapment defense. For example, defendant might present evidence that the Department of Labor used extortion-like practices to create leverage over defendant and, in turn, to make him more susceptible to offering a bribe. See also United States v. Tucker, 133 F.3d 1208, 1217 (9th Cir. 1998) (noting that to establish entrapment the defendant must show that he was induced to commit the crime by "trickery, persuasion, or fraud of a government agent.").

Moreover, while the Government seeks to preclude defendant from presenting evidence of extortion in support of his entrapment defense, the Government has not identified any specific piece of evidence or testimony that defendant might offer as proof of extortion. And, despite his vague references to a "mafia-style extortion program," it is not even clear from defendant's papers what evidence he intends to proffer as proof of extortion. Accordingly, it appears that the Government's motion may also be overbroad. See also Colton Crane Co. v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.").[2]

In accordance with the foregoing, the **Court GRANTS in part and DENIES in part** the Government's motion in limine. Specifically, the Court grants the Government's motion to preclude defendant from raising either a necessity or duress defense at trial as the parties agree such defenses are inapplicable in this case. However, the Court denies the Government's motion to preclude defendant from offering evidence of extortion in support of his entrapment defense.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: Pretrial Services

---

[2] The Government also argues that "any alleged pressure by the [Department of Labor's] investigation would have been to comply with the law, not to violate the law." Reply, at 5. But the Government is drawing inferences from the evidence that ultimately may not bear out at trial. And, in any event, given that neither party has identified any actual evidence defendant will present at trial as proof extortion, the Court has no basis for finding that the Department of Labor would *only* have pressured defendant to comply with the law.